```
          UNITED STATES DISTRICT COURT
           DISTRICT OF MASSACHUSETTS

CHEREESE L. JIHAD,              )
          Plaintiff,            )
                                ) C.A. No. 04-12550-RGS
     v.                         )
                                )
M.I.T.,                         )
          Defendant.            )
```

MEMORANDUM AND ORDER

For the reasons stated below, plaintiff's application to proceed without prepayment of fees is denied without prejudice. If plaintiff submits a new, fully-completed application to proceed without prepayment of the filing fee, she shall also demonstrate good cause why this action should not be dismissed for the reasons stated below.

BACKGROUND

On November 30, 2004 plaintiff Chereese J. Jihand, a resident of Roxbury, Massachusetts, filed an application to proceed without prepayment of the filing fee and a complaint against her former employer.

Plaintiff's complaint consists primarily of a recounting of events surrounding the termination of plaintiff's employment as well as her filing an action with the Massachusetts Commission Against Discrimination. See Complaint.

DISCUSSION

I.  The Application to Proceed Without Prepayment of Fees

A party filing a civil action in this Court must either (1) pay the $150 filing fee for civil actions or (2) seek to be granted <u>in forma pauperis</u> by filing an application to proceed without prepayment of the filing fee. <u>See</u> 28 U.S.C. § 1914 (filing fee for civil actions); Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1915 (proceedings <u>in forma pauperis</u>). For the convenience of litigants, this Court provides a standardized, double-sided form for fee waiver applications entitled "Application to Proceed Without Prepayment of the Filing Fee and Affidavit."

Plaintiff failed to fully answer question two on the application to proceed without prepayment of fees. <u>See</u> Application, Docket No. 1. Question two on the form asks litigants if they are employed. <u>See</u> Question No. 2. Although plaintiff reveals the fact that she is not employed, she has failed to reveal the date of her last employment, the amount of her take-home salary or wages and pay period, and the name of her last employer. <u>See</u> Question No. 2(b).

Although plaintiff indicates in Question 3 that she has no source of income, her response to Question 4 reveals that she receives "direct deposit to saving." <u>See</u> Question Nos. 3, 4. Plaintiff failed to reveal the source and amount of her "direct deposit" income.

Because the application is incomplete, I cannot make a determination whether plaintiff qualifies for in forma pauperis status and will deny it without prejudice. I will grant plaintiff additional time to submit a new, fully-completed application.

II. The Court May Screen This Action

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue so that the Court may conduct a preliminary review of the complaint and determine if it satisfies the substantive requirements of Section 1915.. See 28 U.S.C. § 1915. A district court may dismiss a complaint filed in forma pauperis "at any time" if the court determines that the action lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability, or fails to state a claim. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the former § 1915(d)); 28 U.S.C. § 1915(e)(2)(b).

In forma pauperis complaints may be dismissed sua sponte and without notice under Section 1915 if the claims are based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) Here, plaintiff's claims are subject to dismissal.

A.  <u>Exhaustion of Administrative Remedies</u>

Because plaintiff appears to assert claims of employment discrimination based on race, I will construe her claims as falling within Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, <u>et seq.</u>, ("Title VII"), and Chapter 151B of the laws of Massachusetts, Mass. Gen. Laws. ch. 151B, § 1, <u>et seq.</u> ("Chapter 151B").  Plaintiff's claims are subject to dismissal for failure to allege that she has properly exhausted her administrative remedies.

Under the administrative scheme created by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, <u>et seq.</u> and Chapter 151B of Massachusetts law ("Chapter 151B"), Mass. Gen. Laws ch. 151B, § 1, <u>et seq.</u>, a party generally must file her state-law based discrimination claims with the Massachusetts Commission Against Discrimination ("MCAD") and her federal-law based claims with the Equal Employment Opportunity Commission ("EEOC") before filing a complaint in federal court.  <u>See</u> 42 U.S.C. § 2000e-5(e)(Title VII); Mass. Gen. Laws ch. 151B §§ 5-9; <u>Bonilla v. Muebles J.J. Alvarez, Inc.</u>, 194 F.3d 275, 278 (1st Cir. 1999) (Title VII); <u>Andrews v. Arkwright Mut. Ins. Co.</u>, 423 Mass. 1021, 1021, 673 N.E.2d 40, 41 (1996) (a plaintiff wishing to pursue a discrimination claim under § 151B must first submit a complaint to the MCAD within six months of the alleged

unlawful conduct).

In states such as Massachusetts which has its own state anti-discrimination agency and a "work-sharing" agreement with the EEOC, a charge filed with the EEOC is automatically referred to MCAD, the state agency, and claims filed with MCAD or the EEOC are effectively filed with both agencies.  <u>Seery v. Biogen, Inc.</u>, 203 F. Supp. 2d 35, 43 (D. Mass. 2002); see <u>Davis v. Lucent Technologies, Inc.</u>, 251 F.3d 227, 230 n. 1 (1st Cir. 2001).

Although plaintiff indicates that she has filed a charge of discrimination with the MCAD,[1] she alleges only that MCAD "did not bring forth nor did they investigate this complaint."  <u>See</u> Compl., p. 3.  Although the filing of administrative charge is not a jurisdictional prerequisite to suit, a plaintiff may not circumvent the requirement, <u>see</u> <u>Zipes v. Trans World Airlines, Inc.</u>, 455 U.S. 385, 393 (1982); <u>Oscar Mayer & Co. v. Evans</u>, 441 U.S. 750, 757 (1979), and plaintiff's pro se status does not immunize her from this requirement.  <u>See</u> <u>Lattimore v. Polaroid Corp.</u>, 99 F.3d 456, 464 (1st Cir. 1996) (pro se status does not relieve an employee of the

---

[1] Generally, a person claiming employment discrimination pursuant to Chapter 151B may bring a civil action only at the expiration of 90 days after the filing of a complaint with the MCAD, or sooner if a commissioner assents in writing, but not later than three years after the alleged unlawful practice occurred.  <u>See</u> Mass. Gen. Laws ch. 151B, § 9.

obligation to meet procedural requirements established by law); cf. Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991) (per curiam) (sua sponte dismissal of expired claims of pro se plaintiff proper).

### CONCLUSION

ACCORDINGLY, plaintiff's application to proceed without prepayment of fees is DENIED without prejudice. If plaintiff wishes to proceed with this action, she shall, within 35 days of the date of this Order, (1) submit a new, fully completed application to proceed without prepayment of fees and (2) demonstrate good cause, in writing, why this action should not be dismissed for the reasons stated above. If plaintiff fails to submit a new application or demonstrate good cause, this action will be dismissed without prejudice.

SO ORDERED.

Dated at Boston, Massachusetts, this 14th day of December, 2004.

    /s/ Richard G. Stearns
RICHARD G. STEARNS
UNITED STATES DISTRICT JUDGE