UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHEREESE L. JIHAD<br><br>Plaintiff,<br><br>vs.<br><br>MASSACHUSETTS INSTITUTE OF TECHNOLOGY<br><br>Defendant. | Civil Action No. 04-12550-RGS |

**MOTION OF DEFENDANT
MASSACHUSETTS INSTITUTE OF TECHNOLOGY TO
ENLARGE TIME FOR FILING OF RESPONSIVE PLEADING**

Defendant Massachusetts Institute of Technology ("MIT") hereby moves for an enlargement of time for filing of its responsive pleading to the Plaintiff's Complaint in this *pro se* matter, from April 21, 2005 to May 20, 2005. As grounds for its motion, MIT states the following:

1. Plaintiff filed her Complaint in this action on November 30, 2004. No Summons issued, due to the Court's denial of Plaintiff's Motion for Leave to Proceed *in forma pauperis*. Plaintiff filed her Amended Complaint, and amended *in forma pauperis* papers, with the Court on January 18, 2005. On March 4, 2005, the Court issued an Order granting the Plaintiff permission to proceed *in forma pauperis,* and ordering a Summons to issue to MIT.

2. On March 7, 2005, a Summons was issued to MIT. To date, this Summons has not been served upon MIT.

3. On Friday, April 1, 2005, a U.S. Marshall delivered a copy of the Complaint, Amended Complaint, and Summons to Sullivan, Weinstein & McQuay, the law firm that had represented MIT in the administrative proceeding at the Massachusetts Commission Against Discrimination, wherein the MCAD issued a Lack of Probable Cause finding.

4. MIT had not authorized Sullivan, Weinstein & McQuay to accept service in this matter, and Sullivan Weinstein & McQuay did not tell the U.S. Marshall that it was authorized to accept service for MIT. Although the hand-written Complaint references Sullivan Weinstein & McQuay under the Defendant MIT, the Summons was not issued to Sullivan Weinstein & McQuay and it is clear from the allegations that the law firm is not a defendant in the case.

5. In-house counsel for MIT was away on vacation when the Amended Complaint was delivered to Sullivan Weinstein & McQuay and did not return until April 7, 2005. On April 8, 2005, he confirmed that MIT had not been served in this matter. At that point he did specify that MIT wanted Sullivan Weinstein & McQuay to represent it in this federal court case.

6. If the delivery of the Amended Complaint to Sullivan Weinstein & McQuay were deemed to constitute effective service on MIT (which MIT disputes) the responsive pleading would be due on April 21, 2005.

7. MIT was not even able to review the Complaint until April 8, 2005.

8. Counsel Jennifer Catlin Tucker (undersigned), who represents MIT in this matter, has left a message for Plaintiff requesting a brief enlargement of time (until May 20, 2005) to respond to the Amended Complaint, due to the above-described

circumstances, the brief time that MIT has had to review the pleadings, and the fact that counsel has numerous immovable depositions and discovery obligations, as well as hearings, in various pending matters (in Massachusetts Superior Court as well as before the Massachusetts Commission Against Discrimination) between the present and mid-May.

9. To date, Plaintiff has not responded to Ms. Tucker's message.

10. MIT submits that Plaintiff will not be prejudiced by the requested enlargement of time, and that MIT requires it to prepare its response, and that it would be in the interest of justice to allow the enlargement.

Respectfully submitted,

MASSACHUSETTS INSTITUTE OF TECHNOLOGY

By its attorneys,

 _/s/ Jennifer Catlin Tucker_____
Jennifer Catlin Tucker, BBO#547944
Sullivan Weinstein & McQuay, PC
Two Park Plaza
Boston, MA 02116
(617) 348-4390
Email: jtucker@swmlawyers.com

Dated:  April 14, 2005

Certificate of Service

I, Jennifer Catlin Tucker, hereby certify that a true copy of the above document was served by mail upon Chereese L. Jihad, 79 Munroe Street, #2, Roxbury, MA  02119, on April 14, 2005.

/s/ Jennifer Catlin Tucker_____
Jennifer Catlin Tucker

3