UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHEREESE L. JIHAD<br><br>Plaintiff,<br><br>vs.<br><br>MASSACHUSETTS INSTITUTE OF TECHNOLOGY<br><br>Defendant. | Civil Action No. 04-12550-RGS |

### AFFIDAVIT OF ROBERT E. SULLIVAN, ESQ.

I, Robert E. Sullivan, being duly sworn, depose and say as follows:

1. I am a partner in the law firm Sullivan, Weinstein & McQuay, P.C. ("SWM"). I have personal knowledge of the matters stated in this Affidavit, and could testify to them if called as a witness.

2. Jennifer Tucker, who is also an attorney at SWM, represented Massachusetts Institute of Technology ("MIT") before the Massachusetts Commission Against Discrimination ("MCAD") in connection with a Complaint that Chereese Jihad brought before the MCAD.

3. Neither SWM, Ms. Tucker, I, nor any other attorney at SWM is, or was on April 1, 2005, an officer or managing or general agent of MIT, nor are or were any of us authorized to accept service of process on behalf of MIT.

4. On April 1, 2005, I was present in SWM's offices when I was informed by a member of our office staff that an officer was attempting to deliver legal papers.

5. I looked briefly at the papers, and saw that they included the handwritten, *pro se* Complaint in the instant action, a copy of which is attached to this Affidavit as Exhibit A. I also saw that the Complaint included a caption on the top of its first page that appeared to indicate that the "Defendants," in the plural, were "M.I.T." and "Sullivan Weinstein & McQuay," in that the words "Sullivan Weinstein & McQuay" were listed directly under the word "M.I.T." *See* Exhibit A.

6. On the possibility that the Complaint purported to name SWM as a defendant, I allowed the officer to leave the papers with SWM.

7. I did not tell the officer that I was accepting service of the papers on behalf of MIT.

8. Shortly thereafter, MIT authorized SWM to represent it in the instant action. MIT did <u>not</u> authorize SWM to accept service of process on its behalf in this or any other action, nor did it agree that the officer's delivery of the papers to SWM had constituted effective service on MIT.

Signed under the pains and penalties of perjury on this 20th day of May, 2005.

Robert E. Sullivan
SULLIVAN WEINSTEIN & McQUAY, P.C.
Two Park Plaza
Boston, MA 02116
(617) 348-4300

Certificate of Service

I, A. Lauren Carpenter, hereby certify that a true copy of the above document was served by mail upon Chereese L. Jihad, 79 Munroe Street, #2, Roxbury, MA 02119, on May 20, 2005.

/s/ A. Lauren Carpenter
A. Lauren Carpenter

2

United States District Court
District of Massachusetts

FILED
IN CLERKS OFFICE
2004 NOV 30 P 1:24
U.S. DISTRICT COURT
DISTRICT OF MASS.

Plaintiff: Chereese Jihad

Civil Action

Defendants:

M.I.T.
Sullivan Weinstein & McQuay

Complaint
Parties

1. The plaintiff: Chereese Jihad is a resident of Roxbury, Ma. in the county of Suffolk, ss. and a citizen of the United States.

2. The defendant: Massachusetts Institute of Technology and a citizen of the United State

3. The court has jurisdiction over this matter pursuant to 28 U.S.C. 1331

On March 11, 2003 plaintiff Chereese Jihad after being employed at M.I.T. in the medical Dept. as a dental assentant was fired.

On March 10, 2003 Chereese at the advice of her Officer Manager Ms. Donna Hayes, filed a complaint aginst Doctor Padwa.
The complaint was a racial Remark towards Chereese from Doctor Padwa
Stating "you monkey's need to get your stories together." The following day I was fired from my Job, for being fired according to Donna Hayes was my lack of performance, the same person who advised me what to do about my situatation was the same person who the one who divised the paper work for my being fired
I also presented that Donna Hayes went into my medical record to see if I had a doctor's appointment which ended up showing that I did.

When I presented this information to M.C.A.D they did not bring forth nor did they investigate this complaint

When Chereese Jihad showed the timing of Danna Hayes going on vacation at the same time of those who conspered in formes of a letter that went along with her evaluation to say she violated her evaluation that was already set aginst her. Chereese had question Danna Hayes. going into Medical Record.

As a results I not only lost my Job, 401K plan, car, had to evacuate my home, mental destress and this has turned my life around for the worse.

Wherefore, The plantiff demendes Judnent aginst the defendants for damages and such other relief of this court deem just.
The plaintiff wants a trial by Jury, and request the amount for damages
Sum of $175.000.

Chereese Jihad
79 Munroe St Apt#2
Roxbury MA. 07119
tel: 617. 541. 3601